CORRECTED

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: June 24, 2024

```
* * * * * * * * * * * * *
GRACE DRUMMOND,               *    No. 16-702V
                              *    Special Master Sanders
              Petitioner,     *
                              *
v.                            *
                              *
SECRETARY OF HEALTH           *
AND HUMAN SERVICES,           *
                              *
              Respondent.     *
* * * * * * * * * * * * *
```

*Mark T. Sadaka,* Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner;
*Jennifer Shah*, United States Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On June 16, 2016, Grace Drummond ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program. 42 U.S.C. §§ 300aa-10 to -34 (2018)[2] (the "Vaccine Act" or "Program"). Petitioner alleged that she received human papillomavirus ("HPV" or "Gardasil") vaccinations on July 22, 2013, and October 23, 2013, and that these vaccines resulted in "postural orthostatic tachycardia syndrome ("POTS"), and diminishing ovarian failure/insufficiency, which were caused-in-fact by the above-stated vaccinations." Pet. at 1, ECF No. 1. On March 31, 2023, I issued my decision denying entitlement and dismissing the petition. (ECF No. 111).

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

On August 16, 2023, Petitioner filed a motion for attorneys' fees and costs. Pet'r's Mot. for Final Attorneys' Fees and Costs [hereinafter "Pet'r's Mot. for AFC"], ECF No. 115. Petitioner requests a total attorneys' fees and costs in the amount of $75,339.91, representing $35,608.08 in attorneys' fees and $39,731.83 in attorneys' costs. Pet'r's Mot. for AFC at 4, Ex. A at 14-15. It appears that Petitioner has personally incurred $400.00 filing this petition, which counsel states is included in the requested costs and is not additional to the total amount requested. Pet'r's Mot. for AFC at 4. Respondent responded to the motion on August 30, 2023, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp. at 2, ECF No. 116. Petitioner filed a reply on April 20, 2023, requesting the fees and costs be awarded in full. Pet'r's Reply at 1, ECF No. 117.

This matter is now ripe for consideration.

I.     **Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of her or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, although the petition was eventually dismissed, I am satisfied that good faith and reasonable basis have been met in the instant case. Respondent has also indicated he is satisfied that good faith and reasonable basis have been met. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A.     Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[3]

The undersigned has reviewed the hourly rates requested for petitioner's counsel throughout the pendency of their case (Mr. Mark L. Kruger, Mr. Andrew Krueger, and finally current counsel, Mr. Mark Sadaka). The rates requested are consistent with what counsel have previously been awarded for their Vaccine Program work and shall be awarded herein.

### B.     Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review, the undersigned finds the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review, the undersigned does not find any of the billing entries to be unreasonable. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of $35,608.08.

### C.     Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $39,731.83 in attorneys' costs. This amount is comprised of work performed by Petitioner's medical experts, Dr. Felice Gersh, Dr. Orit Pinhas-Hamiel, and Dr. David Axelrod, work done by Petitioner's former attorneys at Krueger & Hernandez, acquisition of medical records, postage, and the Court's filing fee. Pet'r's Mot. for AFC Ex. A at 14-15; Ex. B at 1, 4-5, 9-16. These costs have been supported with the necessary documentation and are reasonable. Petitioner has provided adequate documentation of all these expenses, and they appear reasonable in my experience.[4] Accordingly, Petitioner is awarded the full amount of costs sought.

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

[4] In awarding the full amount of costs sought, I am not specifically endorsing any particular hourly rate for the work of Dr. Gersh, Dr. Hamiel, or Dr. Axelrod. Rather, in light of the work product submitted into the record by these individuals, I find that the total amounts for their work, respectively, are reasonable.

## II.      Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2018), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $35,608.08 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$35,608.08** |
| | |
| Attorneys' Costs Requested | $39,731.83 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$39,731.83** |
| | |
| **Total Attorneys' Fees and Costs** | **$75,339.91** |

**Accordingly, the undersigned awards a lump sum in the amount of $75,339.91, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her counsel, Mr. Mark T. Sadaka.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[5]

**IT IS SO ORDERED**.

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.